By the Court,

Bronson, J.
When an individual sustains an injury by the misfeasance or nonfeasance of a public officer, who acts or omits to act contrary to his duty, the law gives redress to the injured party by an action adapted to the nature of the case. This principle is so well settled that it is only necessary to enquire whether there be any thing in this case to take it out of the operation of the general rule.
Superintendents of repairs on the canals are appointed by the canal board, (1 R. S. 229, §69,) and give bond for the *633 faithful execution of their trust, (Id. p. 236, § 99.) The statute further provides, that “ it shall be the duty of each superintendent, under the direction of the canal commissioners, to keep in repair such sections of the canals and works connected therewith, as shall be committed to his charge; to make all necessary contracts for that purpose, and faithfully to expend all such moneys as shall be placed in his hands by the canal commissioners, or the commissioners of the canal fund.” (Id. § 100.) The next section repeats, that the superintendent “shall be under the direction of the canal commissioners, and especially of the acting commissioner having charge of the line of the canal on which such superintendent is employed.” This means no more than that the superintendent shall be under the general direction of the commissioners, and shall follow their instructions, if any are given, as to the extent and manner of making repairs and the mode of discharging his other duties. It does not mean that the superintendent, when he finds a break in the canal or a sunken boat obstructing the navigation, shall wait a month for the next visit of the commissioner, or send a messenger for orders, before he stops the breach or removes the obstruction.. The thing is preposterous. (Shepherd v. Lincoln, 17 Wend. 250.)(a) The declaration states that the sunken boat obstructed and rendered the navigation of the canal unsafe and dangerous, and that the defendant knew it, That it was his duty to remove the obstruction cannot be doubted.
It was said at the bar that an action will not lie against a deputy of the sheriff for nonfeasance. But the defendant, although subject to the direction, is not a deputy of the commissioners ; and before he can justify this apparent neglect of duty, he must show that the omission resulted from obedience to orders. It will not be presumed that the commissioners, or any other public officer, gave an illegal or unjustifiable command. 0
The want of an averment that the defendant had public *634 money in his hands for the purpose of making repairs, was much relied on, and we ate referred to cases to prove such ah averment necessary. In Bartlett v. Crozier, (17 John. 439,) the action was against an overseer of highways for not repair-' ihg a bridge, in consequence of which the plaintiff had sustained ah injury. It was said by one member of the court, that hieans to make the repair should have been averred j but the case turned mainly on the ground that the action, if it could be maintained against any one, should have been brought against the commissioners, instead of the overseer of highways. In The People v. The Commissioners &c. of Hudson, (7 Wend. 474,) we refused to compel the commissioners, by mandamus, to re-build a bridge which would cost $700,- when they could not, by law, have funds to more than $250, and when in .fact they had none at all. In The People v. Adsit, (2 Hill, 619,) we held that the commissioners Of highways were not answerable criminally for the non-repair of bridges without an averment in the indictment that they had funds. It has not yet been' decided that an individual pursuing a civil remedy must make such an averment; and as an original question I should think it enough to show that the law imposed the duty of repairing, and then leave it to the officer to excuse himself, if he can, by showing the want of funds. But we need not settle that question. For the purpose of enabling superintendents of repairs to discharge their duties, they have been authorized by law to make contracts binding the state; (1 R. S. 236, § 99;) and if the defendant had no public money, he might have contracted for the removal of this obstruction. And besides, he either had, or might have had, funds in his hands. It is expressly provided, that the commissioners of the canal fund shall advance money in sums not exceeding $5000 to each superintendent, for which an account is to be rendered as often as once in sixty days. (Id. 194, § 6 ; Id. 236, § 100 to 103. And see Stat. 1837, p. 518, % 7, 8.) The defendant either had funds of he was in fault for not having them • and where that appears, it clearly cannot be necessary for the plaintiff to make *635 any averment on the subject. If some of these provisions had not been overlooked by the counsel, this pbjectipn would, I presume, have been abandoned.
It is said that the defendant had a discretion as to what repairs were needed, and consequently that his neglect should have been charged to be wilful and malicious. (Tompkins v. Sands, 8 Wend. 462.) But clearly the defendant had no discretion to leave this dangerous obstruction in the canal. On the facts stated in the declaration,it was his duty to remove the nuisance without any unnecessary delay.
Judgment for the plaintiffs.

 See M’Fadden v. Kingsbury, (11 Wend. 667.)